UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MANUEL A. GONZALEZ,
ISHMAEL RAMJOHN, and
ALELI GONZALEZ,

    Plaintiffs,

v.                                                                  Case No. 8:15-cv-240-T-30TBM

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant GEICO General Insurance Company's Motion in Limine (Dkt. 163) and Plaintiffs' Response (Dkt. 171). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Defendant's motion should be granted in part and denied in part.

## DISCUSSION

**I.   Brief Background**

This is a third-party insurance bad faith action that stems from an automobile accident that occurred on February 23, 2009, between Plaintiff Ishmael Ramjohn and Lisa Anderson. At that time, Ramjohn was insured by Defendant GEICO General Insurance Company, under an automobile policy providing bodily injury ("BI") coverage in the amount of $100,000 per

person, and $300,000 per occurrence.[1]  It is undisputed that Ramjohn was at fault for the accident and that the accident injured Anderson.

Anderson initially offered to settle her claim for the $100,000 policy limits but GEICO rejected her initial offer.  By the time that GEICO offered Anderson the full $100,000 policy limit, she was unwilling to settle for that amount.  Subsequently, following a jury trial, a verdict was returned in favor of Anderson and a Final Judgment was entered in her favor in the amount of $398,097.82.  On February 4, 2015, the insureds filed this bad faith lawsuit against GEICO.

This case is set for trial on the Court's February 2017 trial calendar.  GEICO has filed a motion in limine to exclude certain evidence from being admitted during the trial.

## II.    GEICO's Motion in Limine

### A.    Personal Opinions of Insurance Companies

GEICO requests the Court prohibit Plaintiffs "from presenting evidence, testimony, or argument involving personal opinions of insurance companies in general and GEICO specifically."  (Dkt. 163).  Plaintiffs counter that this request is so broad that it would seemingly preclude any expert testimony regarding the handling of insurance claims.  The Court agrees that this is an overly broad request.  Indeed, if the Court were to grant such a broad exclusion, Plaintiffs would be unfairly limited in their ability to compare GEICO's conduct with industry standards so that the jury can evaluate the reasonableness of GEICO's

---

[1] Ramjohn was seventeen at the time of the accident. His grandfather, Manuel Gonzalez, and mother, Aleli Gonzalez (formerly Ruiz), were also insureds under the policy.

conduct. *See Altheim v. GEICO Gen. Ins. Co.*, No. 8:10-CV-156, 2011 WL 1429734, at *3 (M.D. Fla. Apr. 14, 2011) (denying a similar motion in limine filed by GEICO in a bad faith action because it sought to unfairly limit the plaintiff's ability to compare GEICO's conduct with industry standards).  Accordingly, the Court denies GEICO's motion on this issue without prejudice to GEICO raising an appropriate and specific objection during trial.

**B.    GEICO's Advertising Campaigns**

GEICO argues that any reference, argument, or testimony regarding GEICO's advertising campaigns is not relevant to the issue of whether GEICO acted in bad faith in handling Anderson's bodily injury claim.  Plaintiffs respond that there is relevant evidence from which the jury could conclude that GEICO's decision to reject Anderson's $100,000 settlement offer was influenced or driven by GEICO's Average Loss Payments ("ALP") performance metric.  This Court noted in its Order denying GEICO's motion for summary judgment that a jury could find that GEICO's main concern was to avoid raising its ALP.  Thus, GEICO's motion is denied with respect to GEICO's ALP performance metric. However, evidence regarding GEICO's advertising materials and campaigns in general that purport to tout the low cost of GEICO's insurance may be irrelevant and cumulative. Accordingly, the Court will address any specific objections with respect to evidence related to GEICO's general advertising materials and campaigns at trial, if and when the need arises.

**C.    The Payment of Premiums and Length of Time that Plaintiffs Were GEICO Policyholders**

Plaintiffs' response indicates that they do not oppose the portion of GEICO's motion seeking to preclude discussion of the length of time that Plaintiffs were GEICO

policyholders. However, they believe the fact that Plaintiffs paid premiums to GEICO is integral to the jury's understanding of the insurer-insured relationship. Plaintiffs contend that GEICO will not be prejudiced if the jury is simply informed that the insureds paid premiums. The Court concludes that any evidence regarding whether Plaintiffs paid their premiums is irrelevant because the validity of the insurance contract in this case is not at issue. Accordingly, the Court grants GEICO's motion on this issue. *See Altheim*, 2011 WL 1429734, at *4 (holding that evidence of the plaintiff's payment of her premiums was irrelevant to the issues in the case).

### D. Testimony from Lay Witnesses about the Standards for Bad Faith

GEICO asks the Court to prohibit Plaintiffs from eliciting opinions from lay witnesses regarding "the standards for bad faith under Florida law." Plaintiffs respond that they do not intend to elicit any such testimony. Accordingly, GEICO's motion is granted on this issue.[2]

### E. GEICO's Claims and Training Materials

GEICO has asked the Court to preclude the use of GEICO's claim handling manual and training materials. Plaintiffs argue that this request is overly broad and that GEICO files this "boilerplate motion . . . in nearly every bad faith case." (Dkt. 171). Plaintiffs also point out that the majority of district courts deny this request without prejudice to GEICO to make any relevance objections at trial. *See e.g. Altheim*, 2011 WL 1429734, at *5 (denying the

---

[2] Of course, as Plaintiffs point out in their response, this ruling does not preclude Plaintiffs from eliciting testimony from the adjusters about their understanding of how they are supposed to handle claims and act toward their insureds. However, Plaintiffs cannot ask the adjusters about their understanding of the standard for bad faith in Florida. *See Hines v. GEICO Indemnity Co.*, Case No. 8:14-CV-1062, 2016 WL 688050, at *2 (M.D. Fla. Feb. 19, 2016) (noting that "such questioning is better asked of the experts, who would be better equipped to answer such questions.").

request without prejudice and noting that if the company's policies, manuals, and training materials contain guidelines that are consistent with industry standards, then non-compliance may be evidence of bad faith); *see also Hayas v. GEICO Gen. Ins., Co.*, No. 8:13-CV-1432-T-33AEP, 2014 WL 5590808, at *9 (M.D. Fla. Nov. 3, 2014) (same). The Court agrees with this approach and denies GEICO's motion on this issue without prejudice to GEICO raising specific objections at trial.

### F.  References to "Broken Promises"

GEICO argues that Plaintiffs should be precluded from presenting any evidence, testimony, or argument that characterizes this action as involving a "broken promise." GEICO argues that references to "broken promises" will encourage the jury to make an emotional decision based on sympathy. The Court agrees and grants GEICO's motion on this issue.

### G.  The Extent of Anderson's Injuries and Their Impact on Her Life

GEICO moves to preclude evidence of Anderson's current condition and the impact any injuries have had on her life. Plaintiffs do not oppose this request to the extent that Plaintiffs agree that Anderson's current medical condition and any ongoing medical treatment are irrelevant to this case. However, Plaintiffs argue that Anderson's medical condition, from the date GEICO was placed on notice of the claim through the conclusion of the underlying litigation is relevant to assess whether GEICO properly evaluated Anderson's claim. The Court agrees with Plaintiffs and it does not appear that GEICO disputes this point: GEICO referenced in footnote 1 of its motion that it "recognizes that

certain evidence or testimony, including portions of Anderson's medical records may be admissible as they pertain to the presentation of Anderson's bodily injury claim to GEICO." (Dkt. 163 at n.1). Accordingly, GEICO's motion is granted to the extent that it relates to Anderson's current medical condition and any ongoing medical treatment (and the impact said treatment has had on her life).

### H.    GEICO's Business Plans, Patterns, Practice, and Financial Status

GEICO makes a vague request to exclude evidence related to its business plans, patterns, practice, and financial status. As Plaintiffs contend, this request is unclear. Plaintiffs argue that, to the extent that this request relates to GEICO's Average Loss Payments, GEICO's practice of forcing claims to litigation, and GEICO's incentivizing of claim handling employees, through its performance reviews and performance-based compensation to undervalue bodily injury liability claims, the request should be denied. Plaintiffs state that this broad request essentially seeks to preclude Plaintiffs from presenting their theory of this case that GEICO systemically placed its own interests ahead of its insureds when handling liability claims during the relevant time.

The Court denies this overly broad request. Importantly, this Court noted on summary judgment that a jury could find that GEICO's main concern was to avoid raising its average loss payments. Evidence of GEICO's business practices is also relevant under the totality of the circumstances. *See Hines*, 2016 WL 688050, at \*3-\*4 (denying a nearly identical request and noting that: "While the Court acknowledges that evidence regarding GEICO's

use of ALP could be damaging to GEICO's defense, such evidence would be damaging because it is highly relevant to GEICO's motive in how it values claims.").

### I. Personnel Files of GEICO's Employees

GEICO requests that the Court exclude the introduction of any "personnel materials pertaining to GEICO employees." The Court denies this request for the reasons already stated, i.e., these records are the primary source of the evidence regarding Average Loss Payments and GEICO's incentive practices. In *Hines*, the court denied a nearly identical request, concluding that the personnel files were "relevant to show the criteria upon which GEICO's employees are evaluated and rewarded." 2016 WL 688050, at *4. Of course, as the court in *Hines* noted, the entire personnel files cannot come into evidence because they also contain irrelevant and personal employee information that would be irrelevant to claims handling.

### J. Doug McIntosh's Pending Bad Faith Action with Plaintiffs' Counsel

GEICO's expert witness, Dough McIntosh, is a practicing attorney and is currently defending two cases initiated by Plaintiffs' counsel. GEICO moves to exclude Plaintiffs from presenting any evidence, testimony, or argument regarding the pending bad faith actions between Plaintiffs' counsel and McIntosh. Plaintiffs counter that this evidence is relevant to McIntosh's bias and credibility. The Court reserves ruling on this issue. Plaintiffs' counsel shall approach the bench prior to introducing any evidence, testimony, or argument related to McIntosh's involvement with those other cases.

### K.     The Disclosure of Aleli Gonzalez's Policy

GEICO argues that the Court should preclude Plaintiffs from asserting that GEICO should have disclosed Aleli Gonzalez's policy to Anderson and her counsel.  GEICO states that it was not required, under Florida law, to disclose the subject policy.  And that the existence of the policy was not known to GEICO at the time that it received Anderson's request for statutory disclosures.  GEICO also contends that, once it learned of the policy and investigated any coverage under that policy, GEICO concluded that the policy was not applicable to the subject claim.

Plaintiffs counter that GEICO did in fact provide coverage under Gonzalez's policy and that the jury could conclude, under the totality of the circumstances, that GEICO's two-and-a-half year concealment of the additional GEICO policy supports Plaintiffs' claim that GEICO failed to settle Anderson's claim in good faith.

The Court does not find this evidence to be particularly relevant.  Accordingly, GEICO's motion on this issue is granted without prejudice to Plaintiffs to approach the bench during trial if Plaintiffs can provide the Court with a more persuasive argument as to how this evidence is relevant.

### L.     GEICO's Behavior in this Action

GEICO believes that Plaintiffs may attempt to offer evidence that GEICO acted in bad faith in the present action, specifically in the handling of discovery.  GEICO argues that the contentious discovery disputes in this case are irrelevant to a determination of whether

GEICO acted in bad faith in the handling of Anderson's claim.  The Court agrees and grants GEICO's motion on this issue.

It is therefore **ORDERED AND ADJUDGED** that Defendant GEICO General Insurance Company's Motion in Limine (Dkt. 163) is granted in part and denied in part as explained herein.

**DONE** and **ORDERED** in Tampa, Florida on December 8, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record