## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MANUEL A. GONZALEZ,
ISHMAEL RAMJOHN, and
ALELI GONZALEZ,

    Plaintiffs,

v.    Case No. 8:15-cv-240-T-30TBM

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion in Limine (Dkt. 187) and Defendant GEICO General Insurance Company's Response in Opposition (Dkt. 193). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Plaintiffs' motion should be granted in part and denied in part.

### DISCUSSION

**I.    Brief Background**

This is a third-party insurance bad faith action that stems from an automobile accident that occurred on February 23, 2009, between Plaintiff Ishmael Ramjohn and Lisa Anderson. At that time, Ramjohn was insured by Defendant GEICO General Insurance Company, under an automobile policy providing bodily injury ("BI") coverage in the amount of $100,000 per

person, and $300,000 per occurrence.[1]  It is undisputed that Ramjohn was at fault for the accident and that the accident injured Anderson.

Anderson initially offered to settle her claim for the $100,000 policy limits but GEICO rejected her initial offer.  By the time that GEICO offered Anderson the full $100,000 policy limit, she was unwilling to settle for that amount.  Subsequently, following a jury trial, a verdict was returned in favor of Anderson and a Final Judgment was entered in her favor in the amount of $398,097.82.  On February 4, 2015, the insureds filed this bad faith lawsuit against GEICO.

This case is set for trial on the Court's February 2017 trial calendar.  Plaintiffs have filed a motion in limine to exclude certain evidence from being admitted during the trial.

## II.     Plaintiffs' Motion in Limine

### A.     Disclosure of Confidential "Mediation Communications"

Plaintiffs state that they anticipate GEICO will argue and attempt to introduce evidence revealing confidential "mediation communications."  This issue was previously addressed by the Magistrate Judge when he ruled on Non-Party Lisa Anderson's Motion to Strike and Motion for Protective Order (Dkt. 161).  For the reasons articulated by the Magistrate Judge in that Order (Dkt. 161), the Court denies Plaintiffs' motion on this issue.  Indeed, as the Magistrate Judge aptly noted, "whether or not and when GEICO made settlement offers to Ms. Anderson on behalf of its insured are at the heart of this litigation

---

[1] Ramjohn was seventeen at the time of the accident. His grandfather, Manuel Gonzalez, and mother, Aleli Gonzalez (formerly Ruiz), were also insureds under the policy.

to which Ms. Anderson is not a party." (Dkt. 161 at 6-7). However, the Court agrees with Plaintiffs to the extent that GEICO may introduce only the following facts regarding the underlying mediations: (1) at the November 2010 mediation, GEICO offered the $100,000 policy limit to settle Anderson's claim and this offer was rejected; and (2) at the September 2013 mediation, GEICO offered $110,000 (Manuel Gonzalez's $100,000 policy limit and Aleli Gonzalez's $10,000 policy limit) to settle Anderson's claim and this offer was rejected. Any other mediation communications are irrelevant.

### B.    Opinions Regarding Anderson's and Her Counsel's Motives

Plaintiffs anticipate that GEICO will attempt to elicit opinions about Anderson's and her counsel's motives and beliefs to the extent that they "set up" a bad faith claim. For example, Plaintiffs state that certain witnesses may testify that Anderson secretly hoped GEICO would not accept her settlement offers so she could pursue a bad faith case. Or that Anderson's counsel intentionally withheld certain medical reports in an attempt to set up a bad faith claim. This issue has been squarely addressed by other courts in this district; specifically, in prior bad faith cases, the courts have ruled that evidence regarding the motive and conduct of the underlying plaintiff and her attorney is relevant and should not be prohibited as long as it is not purely speculative. *See Altheim v. GEICO Gen. Ins. Co.*, No. 8:10-cv-156-T-24TBM, 2011 WL 1429735, at *2 (M.D. Fla. April 14, 2011); *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-595-T-24TGW, 2009 WL 3712343, at *3 (M.D. Fla. Nov. 5, 2009); *Mendez v. Unitrin Direct Prop. & Cas. Ins. Co.*, No. 8:06-cv-563-T-24MAP, 2007 WL 2696795, at *4 (M.D. Fla. Sept. 12, 2007); *GEICO Cas. Co. v. Beauford*, No. 8:05-

cv-697-T-24EAJ, 2007 WL 2412953, at *1 (M.D. Fla. Aug. 21, 2007); *see also Hayas v. GEICO Gen. Ins. Co.*, No. 8:13-cv-1432-T-33AEP, 2014 WL 5590808, at *4 (M.D. Fla. Nov. 3, 2014) (finding "that opinion testimony based on perception and observation relating to [the claimant's] willingness or unwillingness to settle to be proper consideration for the jury in determining the outcome of this action . . . [and that such] testimony would not be unfairly prejudicial to [the plaintiff]"). Accordingly, Plaintiffs' motion on this issue is denied. Plaintiffs may raise specific objections at the appropriate time at trial to the extent that they believe that the introduction of evidence is pure speculation.

### C.   Attacks on Anderson's and Her Counsel's Character

Plaintiffs anticipate that GEICO will argue and elicit testimony aimed at vilifying Anderson and her counsel to shift the jury's focus away from GEICO's claim handling decisions and practices. Upon consideration, the Court grants the motion to the extent that the Court finds that there is no comparative bad faith defense—in other words, GEICO may not argue or present evidence that Anderson and her counsel owed duties to assist GEICO in its pre-suit investigation. However, the Court denies the motion to the extent that Plaintiffs seek to entirely exclude evidence regarding Anderson's and her counsel's actions and motives because, as explained above, such evidence is relevant to the issue of whether the claim could have been settled. This ruling is also without prejudice to Plaintiffs to raise a specific objection at trial.

### D. Testimony from Michael Wallace, Esq.

Although not entirely clear, it appears Plaintiffs are seeking an order that excludes Michael Wallace, Esq., GEICO's staff counsel attorney, from offering any opinions, speculation, or argument about Anderson's counsel's motives and beliefs. This motion is denied as moot because the Court has already ruled that evidence regarding Anderson's and her counsel's motives and beliefs may be relevant to their willingness to settle. Again, this ruling is without prejudice to Plaintiffs to raise specific objections at trial.

### E. Aleli Gonzalez's policy

Plaintiffs argue that GEICO is estopped from denying it provided Aleli Gonzalez with bodily injury liability coverage under her policy. As the Court previously noted when it ruled on GEICO's motion in limine (Dkt. 185), it does not find the evidence regarding Aleli Gonzalez's policy to be particularly relevant. Consistent with that ruling, the Court reserves on this issue: Plaintiffs may approach the bench during trial if they can adequately explain how evidence related to Aleli Gonzalez's policy is relevant to the issues in this case.

### F. Any Suggestion that GEICO Had No Realistic Opportunity to Settle

Plaintiffs seek an order prohibiting GEICO from arguing or eliciting testimony suggesting that GEICO never had a realistic opportunity to settle Anderson's claim for the policy limits. GEICO's response does not address this issue. However, upon consideration, the Court denies this in limine request without prejudice to Plaintiffs to raise the issue at trial.

### G.     Any Suggestion about Plaintiffs Paying the Final Judgment

Plaintiffs anticipate that GEICO will argue that Plaintiffs have not paid any portion of the final judgment entered against them and are either unwilling or unable to pay that judgment. Upon consideration, the Court concludes that, although the jury may be permitted to know about the existence and amount of the excess judgment, any evidence regarding Plaintiffs' lack of payment or inability to pay is irrelevant to the issue of whether GEICO failed to settle Anderson's claim in good faith. Accordingly, Plaintiffs' motion is granted on this issue.

### H.     Inquiry Regarding Amounts Recoverable if Plaintiffs Prevail

Plaintiffs argue that the Court should prohibit GEICO from inquiring about the amounts which Plaintiffs, Plaintiffs' counsel, Anderson, and/or Anderson's counsel stand to recover from this lawsuit, should Plaintiffs prevail. The Court agrees that this evidence is not relevant. Accordingly, Plaintiffs' motion is granted on this issue.

### I.     Any Attempt to Relitigate Previously Adjudicated Issues

Plaintiffs argue that GEICO is collaterally estopped from relitigating issues that were determined in the underlying auto negligence case, such as the value of Anderson's past and future medical expenses. GEICO appears to agree on this issue to the extent that it does not plan on litigating any issues that were previously adjudicated in the underlying action. Accordingly, Plaintiffs' motion is denied as moot because neither party seeks to relitigate issues previously litigated in the underlying action.

**J.      Any Suggestion of a Conspiracy between Anderson's Counsel and Doctors**

Plaintiffs move to exclude GEICO from eliciting speculative opinion testimony that Anderson's treating physicians were working with her counsel to artificially inflate the value of her bodily injury claim. The Court reserves on this issue. At this point, the Court cannot say whether this evidence is speculative without first seeing what GEICO intends to introduce. Accordingly, Plaintiffs may raise an appropriate objection if this issue is raised at trial.

It is therefore **ORDERED AND ADJUDGED** that Plaintiffs' Motion in Limine (Dkt. 187) is granted in part and denied in part as explained herein.

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record