**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MANUEL A. GONZALEZ,
ISHMAEL RAMJOHN, and
ALELI GONZALEZ,

    Plaintiffs,

v.                                    Case No: 8:15-cv-240-T-30TBM

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Proposed Bill of Costs (Dkt. 273), Plaintiffs' Motion to Tax Costs (Dkt. 274), and Defendant's Response in Opposition (Dkt. 282). Upon review, the Court will partially grant Plaintiffs' motion. Specifically, the Court awards costs in Plaintiffs' favor in the amount of $31,763.82.

## BACKGROUND

The Parties have been litigating this bad faith insurance case since February 4, 2015 (Dkt. 1). The case proceeded to trial and, after a five-day jury trial, the jury entered a verdict finding that Defendant failed to settle Lisa Anderson's liability claim against Plaintiffs in good faith (Dkt. 247). On March 8, 2017, final judgment was entered in

Plaintiffs' favor and against Defendant in the amount of $414,698.34 (Dkt. 270). Plaintiffs now seek to recover their taxable costs.[1]

## DISCUSSION

Courts should award prevailing parties their costs. Fed. R. Civ. P. 54(d)(1). However, courts may only tax costs authorized by statute. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Courts may tax costs enumerated in 28 U.S.C. § 1920, including fees for service of process, witnesses, and transcripts necessarily obtained for use in the case. 28 U.S.C. § 1920; *U.S. E.E.O.C.*, 213 F.3d 600 at 620. The party seeking an award of costs must submit a request that enables the court to determine the party's entitlement to those costs. *See Fodor v. D'Isernia*, 599 F. App'x 375, 376 (11th Cir. 2015), *cert. denied sub nom. Fodor v. E. Shipbuilding Grp.*, 136 S. Ct. 146 (2015); *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). A party's failure to provide sufficient detail or documentation regarding the costs can be grounds to deny the costs. *Pelc v. Nowak*, No. 8:11-CV-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013), *aff'd*, 596 F. App'x 768 (11th Cir. 2015).

In this case, Plaintiffs seek to recover $70,912.97 in costs for (1) fees of the clerk and marshal, (2) deposition and hearing transcripts, (3) witnesses, (4) copies, and (5) interpreters. Plaintiffs also request that the Court award them prejudgment interest on

---

[1] Plaintiffs also filed a motion for the Court to award them $1,025,381.25 to $1,367,175.00 in attorney's fees (Dkt. 275). Defendant's response to this motion is due on or before May 20, 2017, per the Court's endorsed order granting Defendant's unopposed request for an extension (Dkt. 281). Accordingly, the Court does not address an appropriate award of attorney's fees at this time.

2

their taxable costs. As discussed further below, the Court will award Plaintiffs $31,763.82 in costs. The Court denies the request for prejudgment interest.

    *i.*    *Fees of the Clerk and Marshal*

"Fees of the clerk and marshal" may be taxed as costs under 28 U.S.C. § 1920(1). Plaintiffs request the $400 filing fee to the clerk and a $15 service fee to Defendant's registered agent, the Florida Chief Financial Officer. The $15 fee will be reduced to $8 because it was served by mail. 28 C.F.R. § 0.114(a)(1)(2). Accordingly, these fees total $408.

Plaintiffs also request costs in the amount of $1,210 associated with using a private process server to serve subpoenas for both deposition and trial. A prevailing party can recover the costs it incurred using a private process server to serve subpoenas, but those costs cannot exceed the amount authorized by 28 U.S.C. § 1921. *U.S. E.E.O.C.*, 213 F.3d 600 at 623-24. Pursuant to that statute and its implementing regulations, process servers shall be paid $65 per hour, plus travel costs, and any other out-of-pocket expenses. 28 U.S.C. § 1921; 28 C.F.R. § 0.114(a)(3). Courts will not award fees incurred for rush service absent proof it was necessary. *E.g.*, *Cadle v. Geico Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2015 WL 4352048, at *4 (M.D. Fla. July 14, 2015).

Plaintiffs utilized private process servers, whose fees ranged from $45 to $125 per subpoena. Plaintiffs' invoices do not indicate how much time the process servers spent to effectuate service or whether they incurred any out-of-pocket expenses. The invoices do indicate that Plaintiffs paid a surcharge of $45 for rush service of one subpoena. Plaintiffs did not explain why they needed to expedite service of this subpoena. Therefore, the

3

Court will deduct the rush surcharge from the service fees. The Court also deducts the second service on Carl Tims because Plaintiffs did not provide a reason for the second service in their motion. The Court also deducts any fee above the $65 cap. After applying these deductions, Plaintiffs are entitled to recover $875 in service fees.

In sum, Plaintiffs' total costs in this category total **$1,283** ($408 + $875).

    *ii.*    *Fees for Deposition and Hearing Transcripts*

A prevailing party can recover costs incurred obtaining deposition transcripts if they were "necessarily obtained for use in the case." *U.S. E.E.O.C.*, 213 F.3d 600 at 620-21. The party's use of the deposition in a dispositive motion or inclusion of the deponent in its witness list tends to show that the deposition was necessarily obtained for use in the case. *See id*. at 621. However, even when the prevailing party did not ultimately use the deposition, a court may still award it the cost as long as "no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." *Watson v. Lake Cty.*, 492 F. App'x 991, 996-97 (11th Cir. 2012).

Deposition costs incurred for the party's convenience—as opposed to necessity—are not recoverable. *U.S. E.E.O.C.*, 213 F.3d 600 at 620. Charges for condensed transcripts, summaries, scanning, and CD litigation packages are typically not recoverable because they are costs incurred for the party's convenience. *E.g., Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-CV-557-T-27EAJ, 2015 WL 12839237, at *9-*11 (M.D. Fla. June 10, 2015), *report and recommendation adopted*, No. 8:12-CV-557-T-27EAJ, 2016 WL 355490 (M.D. Fla. Jan. 29, 2016) (internal citations omitted). In addition, charges for shipping and handling are not recoverable. *Watson*, 492 F. App'x 991 at 997. A

4

prevailing party may recover the cost of video-recording a deposition, but only if the party noticed the deposition to be video-recorded, the other party did not raise any objection regarding the method of recording at the time, and the video was necessarily obtained for use in the case. *Morrison v. Reichhold Chems., Inc.,* 97 F.3d 460, 465 (11th Cir. 1996).

Plaintiffs requests $27,168.42 for deposition related costs. Defendant objects to a large portion of this amount. As an initial matter, the Court overrules Defendant's blanket objection that Plaintiffs should not recover the costs associated with the videotaped and transcribed depositions of nine witnesses. Defendant had notice that Plaintiffs were videotaping the depositions and never raised any objection. Moreover, with respect to the transcribed depositions, Plaintiffs cited to and relied upon excerpts from each of the transcripts in one or more court filings. Also, it is important to note that all of the deponents, other than Plaintiffs' expert, were listed on Defendant's witness list. Finally, it is telling that Defendant similarly videotaped each of the fact witnesses' depositions that it took.

The Court does, however, sustain some of Defendant's objections. Specifically, with respect to the costs associated with the October 21, 2015 deposition of Defendant's corporate representative, Scott Jones, Defendant argues that the Magistrate Judge previously awarded these costs to Plaintiffs as sanctions. *See* Dkt. 167. The Court agrees that these costs have already been awarded and any further award would be duplicative.

Defendant also objects to the March 7, 2016 deposition costs associated with Jones. The objection is sustained with respect to the editing fees, USB Stick, and exhibit copies,

which are not recoverable. Accordingly, the video deposition costs are reduced to $954.40 and the transcript costs are reduced to $1,900.50.

The Court also sustains Defendant's objections with respect to the Gonzalez's depositions: the Court subtracts the $18 in costs for scanning deposition exhibits and calculates the costs utilizing the 2% discount Plaintiffs took advantage of for prompt payment. Thus, the taxable amounts for Ms. Gonzalez's and Mr. Gonzalez's depositions are $216.09 and $232.55 respectively.

The Court similarly sustains Defendant's objections with respect to the exhibit scanning costs associated with the depositions of James Guarnieri, Jr., Ishmael Ramjohn, and Lisa Anderson. The transcript costs awarded for these deponents are $392.35 for Guarnieri, $207.90 for Ramjohn, and $162.25 for Anderson.

The Court awards the video deposition costs associated with Kathy Watkins and Amber Detrick ($1,071.75) but agrees with Defendant to the extent that the transcript costs for Watkins and Detrick in the amount of $2,019.40 are too unclear to be recoverable because none of the charges line up with a description and the Court cannot determine whether Plaintiffs are seeking reimbursement for the 150 pages of exhibits or other non-taxable costs.

The Court reduces the deposition transcript of Gary Gertz to $853.00, which reflects reductions for expedited fees and exhibit fees as identified in Defendant's response. The Court awards Plaintiffs the full amount of the video deposition costs associated with Gertz in the amount of $1,046.

With respect to the deposition transcript of Joel Baker, the Court agrees with Defendant that the invoice is unclear as to the attendance charges. The Court will award a total of $1,050 for the transcript, which reflects reimbursement for the 350 pages identified on the invoice at a rate of $3.00 per page. The Court awards the full amount of the video deposition costs associated with Baker in the amount of $1,127.50.

The Court sustains in part Defendant's objections to the costs associated with Douglas McIntosh as follows: (1) the amount associated with McIntosh's January 27, 2016 video deposition is reduced to $366.50 (the Court subtracted 2 DVD fees, postage and handling, and the credit card convenience fee); (2) the amount associated with McIntosh's January 27, 2016 deposition transcript is reduced to $1,176 ($285 appearance fee + $891 transcript fee); (3) the amount associated with McIntosh's April 29, 2016 deposition transcript is reduced to $920 ($185 appearance fee + $735 transcript fee); and (4) the Court awards the full amount associated with McIntosh's April 29, 2016 video deposition, i.e., $645.

The Court sustains in part Defendant's objections to the costs associated with Brian Nockleby as follows: (1) the Court subtracts one of the DVD copies in the amount of $295; (2) the Court reduces the per-page cost of the 211 pages from $6.95/page to $3.00/page, which reduces the amount to $633.00; (3) the Court omits the vague $.95 for 211 "quantity" charge; and (4) the Court omits the $395 room rental charge. The total award for the costs associated with Nockleby is $1,973.

The Court awards the full costs associated with the deposition transcript of Peter Know ($357) and the video deposition of Michael Wallace ($890).

With respect to the deposition transcript of Wallace, the Court sustains Defendant's objections to the extent that the Court omits the scanning and postage costs ($48.40). Rather than omit the total costs associated with the transcript, the Court awards $1,113.58 ($285 + $891 - $62.42).

Finally, with respect to the deposition costs of Carl Tims, the Court sustains all of Defendant's objections and reduces these costs to $525.

A prevailing party can recover costs incurred obtaining transcripts of pretrial hearings if they were "necessarily obtained for use in the case." *Fodor*, 599 F. App'x at 376. A party can demonstrate that the transcripts were necessary if it actually used the transcripts in presenting its case (e.g., by relying on the transcripts in motions). *See id.* at 375 n.2, 376. Plaintiffs request, and Defendant does not object to, the costs associated with the transcript of a hearing that Plaintiffs relied upon in a motion ($242). This cost amount of $242 for the transcript will therefore be awarded.

In sum, Plaintiffs' total costs in this category total **$17,423.37**.

    iii.    *Fees for Witnesses*

A prevailing party can recover the fees it paid witnesses to attend court or depositions, but those fees cannot exceed the amount authorized by 28 U.S.C. § 1821. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987)). Pursuant to that statute, witnesses receive a payment of $40 per day and a mileage allowance. 28 U.S.C. § 1821. The Court awards Plaintiffs the witness fees as specified in Exhibit D to their Bill of Costs

because these fees comply with section 1821. Accordingly, Plaintiffs are awarded $838.22.

As to expert fees, section 1920 does not allow a court to tax costs for expert fees unless the expert was court-appointed. 28 U.S.C. § 1920; *see also Diperna v. GEICO Gen. Ins. Co.*, Case No. 6:12-CV-687, 2016 WL 7246094, at *8 (M.D. Fla. June 27, 2016). Plaintiffs' arguments to the contrary are unpersuasive. Accordingly, Plaintiffs will not be awarded any expert fees. However, the Court will award $40 appearance fees for the experts, i.e., $80 for McIntosh for two appearances and $40 for Knowe's appearance at trial.[2] The Court also overrules Defendant's objections with respect to Knowe's travel costs because these amounts are sufficiently supported and reflect reasonable travel charges. Accordingly, Knowe's travel costs in the amount of $1,078.23 will be awarded.

In sum, Plaintiffs' total costs in this category total **$2,036.45**.

    *iv.    Fees for Copies*

A prevailing party can recover costs incurred making copies that were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copies used for discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration are all recoverable. *Florida Keys Citizens Coal., Inc. v. U.S. Army Corps of Engineers*, 386 F. Supp. 2d 1266, 1270 (S.D. Fla. 2005) (internal citation omitted). Copies obtained only for the convenience of counsel, like extra copies of documents, are not. *Id*.

---

[2] Defendant states that it already paid Knowe the $40 deposition appearance fee.

The Court concludes that Plaintiffs have met their burden to demonstrate the copies were necessarily obtained for use in this case. Accordingly, the Court awards Plaintiffs the costs associated with these copies in the amount of **$8,021.**

    v.    *Compensation of Interpreters*

Compensation of interpreters may be awarded under section 1920(6). *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012). Plaintiffs request $3,800 for interpreter fees associated with the trial. Defendant counters that it should not have to pay for the interpreter's $800 cancellation fee for Friday, March 3, 2017, because Defendant "had no way of knowing if the interpreter would be needed on Friday any more than Plaintiffs did." The Court agrees with Defendant and awards **$3,000** for the days the interpreter was present at the trial.

    vi.    *Prejudgment Interest*

Finally, Plaintiffs argue that they are entitled to prejudgment interest on the award of costs from the date of the final judgment. As this Court has previously held, "there is no authority suggesting that [a prevailing party is] entitled to prejudgment interest on costs." *Shelton v. Liberty Mut. Fire Ins. Co.*, No. 8:12-CV-2064-T-30AEP, 2014 WL 631886, at *4 (M.D. Fla. Feb. 18, 2014). Accordingly, the request for prejudgment interest on the award of costs is denied.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Plaintiffs' Motion to Tax Costs (Dkt. 274) is granted in part and denied in part as explained herein.

2. Plaintiffs are entitled to $31,763.82 in costs.

3. The Clerk of Court is directed to enter a Bill of Costs in the amount of **$31,763.82** in favor of Plaintiffs and against Defendant.

DONE AND ORDERED on this 27th day of April, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record